```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

--------------------------------X
                                :
KACZMARCZYK, et al.,            :
                                :   06-CV-1005
              Plaintiffs,       :
                                :   May 3, 2007
         v.                     :   Brooklyn, New York
                                :
ACME CONTRACTING LLC, et al.,   :
                                :
              Defendants.       :
--------------------------------X


        TRANSCRIPT OF CIVIL CAUSE FOR MOTION FOR SANCTIONS
            BEFORE THE HONORABLE VIKTOR V. POHORELSKY
                 UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:         ROBERT WISNIEWSKI, ESQ.


For the Defendants:        ERIC STUART, ESQ.







Court Transcriber:         SHARI RIEMER
                           TypeWrite Word Processing Service
                           356 Eltingville Boulevard
                           Staten Island, New York 10312



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

[FILED stamp: U.S. DISTRICT COURT, IN CLERK'S OFFICE, OCT 03 2007, BROOKLYN OFFICE]

```
                                                                2
 1              THE CLERK: Civil Cause for a hearing on a motion for
 2    sanctions in CV-06-1005, Kaczmarczyk v. Acme Contracting, et
 3    al.
 4              Counsel, please state your appearances for the
 5    record.
 6              MR. WISNIEWSKI: Robert Wisniewski, W-I-S-N-I-E-W-S-
 7    K-I for the plaintiffs.
 8              MR. STUART: Your Honor, if you please, Eric C.
 9    Stuart, S-T-U-A-R-T, Olgetree, Deakins, Nash, Smoak & Stewart
10    for the defendants.
11              THE COURT:  Eric C. Stuart, S-T-U-A-R-T?
12              MR. STUART: Yes, Judge, that's correct.
13              THE COURT:  Yes, Mr. Wisniewski?
14              MR. WISNIEWSKI: Your Honor, I have a 12:30
15    conference before Judge Azrack.
16              THE COURT: Okay.  If you're going to be a few
17    minutes late we'll call but I'm kind of hoping that we can
18    resolve this.
19              I'm a little -- I did read through this.  It seems
20    like that the responses in some of these cases are not as
21    complete as they could be, Mr. Stuart, but let me -- I went
22    through this.  Let me -- I have to refresh my memory.  I did
23    review them.
24                        [Pause in proceedings.]
25              THE COURT: Maybe I'm thinking of something else.
```

1      Mr. Wisniewski, I'm looking here. I'm looking at
2 some of these. It seems like, at least with respect to
3 Interrogatory Number 8 and Number 18 and Number 11, that the
4 defendant has stated clearly that they -- the types of
5 documents they have are the specific documents and that's all
6 that they have and they've been produced. Now, maybe those do
7 exclude documents they ought to have but if they said they
8 don't have them I don't know that there's more that can be
9 required of them.
10     MR. WISNIEWSKI: Your Honor, I heard that during our
11 telephone conversation. It wasn't stated in the documents --
12     THE COURT: Their response here. For instance, I've
13 got the response. It says the defendants maintain certified
14 payrolls and copies of plaintiff's checks. The only documents
15 in defendant's possessions are those documents that have been
16 previously produced to plaintiffs in discovery.
17     What is unclear about that in your view, I guess is
18 what I'm saying.
19     MR. WISNIEWSKI: Your Honor, they don't say they
20 don't have any other types of documents such as, I don't know,
21 daily assignment sheets or payroll information or general
22 ledger information. That is what I'm driving at.
23     THE COURT: Well, they say they don't but the
24 question is identify all employment records containing the
25 following information, bla, bla, bla, bla. Defendants

4

1   maintain certified payrolls and several contractor daily
2   assignment sheets.  Is it that you think that they should be
3   required to state further these are the only documents that we
4   have?
5           MR. WISNIEWSKI: Correct.  Because under the law they
6   are required to --
7           THE COURT: Understood.  Understood.
8           MR. WISNIEWSKI:  -- have other types of documents.
9           THE COURT: Understood.  You just want them to -- you
10  want them to say they don't' have any other types of
11  documents?
12          MR. WISNIEWSKI: Unequivocally, yes.
13          THE COURT: Unequivocally, okay.
14                  [Pause in proceedings.]
15          THE COURT: So can you do that?  Can you do that?
16          MR. STUART: I'm sure that we can add and say once
17  again to Mr. --
18          THE COURT: No, not once again.  I guess what he
19  wants -- well, Mr. Wisniewski wants to be in a position to do
20  is he wants to be in a position to have a document signed by
21  your clients that says I don't have these records and if they
22  don't have -- the other alternative is for them to be deposed.
23  You could ask them the question under oath.  If you don't want
24  to depose them which I thought -- I think maybe that's -- do
25  you want to depose them?

5

1     MR. WISNIEWSKI: Your Honor, here's the situation.
2  If I have an answer I do not have documents which show the pay
3  rate, the hours worked and so on and so forth. Under the case
4  law my burden -- the burden shifts. Plain and simple.
5     THE COURT: Understood.
6     MR. WISNIEWSKI: That's what I want.
7     THE COURT: Can you serve a request for admissions
8  that say that?
9     MR. WISNIEWSKI: Well, Your Honor, then I'll do
10 those.
11     THE COURT: No. Because if I parse this question out
12 it's not a question that requires them to say I don't have
13 anything else. You know what I'm saying? It's a question,
14 identify all records. They identify all records. The
15 response to that is sufficient in the sense that this is what
16 they're saying that they have and the question doesn't ask
17 them to say and I don't have anything else. Do you see what
18 I'm saying? So it's hard for me to fault them too much for
19 not exactly giving you exactly what you want. On the other
20 hand, you're entitled to know that.
21     MR. WISNIEWSKI: Your Honor, I thank you very much
22 for your hint and I'll certainly take advantage --
23     THE COURT: So you serve a request for admissions and
24 say -- I don't know. You'd have to frame it.
25     MR. WISNIEWSKI: Thank you.

1   THE COURT: Aside from X and Y, the defendants have
2   no records reflecting the following. If they come back and
3   say -- they deny that then we're going to have to have a
4   hearing on whether there's been some misstatements here I
5   think.
6       Mr. Stuart, do you have any other thoughts on this?
7       MR. STUART: Your Honor, I'd just like to say I think
8   this is a totally frivolous application. We've represented to
9   counsel on numerous occasions. We did it --
10      THE COURT: But your representation is not enough.
11      MR. STUART: Our clients certify in their
12  interrogatories all documents in defendant's possession have
13  been produced to plaintiffs in discovery. That's the system
14  that we have and I object to Mr. Wisniewski dragging my client
15  and myself into court so that Your Honor can essentially tell
16  them now how to prepare this case for trial. We complied with
17  our ethical and legal obligations under the rules. This was a
18  totally frivolous application of which we had no prior
19  knowledge of and I think that it's just disingenuous for Mr.
20  Wisniewski to even be here.
21      THE COURT: I didn't see an answer to Interrogatory
22  15 in the supplemental interrogatories.
23      MR. STUART: That's interesting that you point that
24  out, Judge, because we asked the same question of Mr.
25  Wisniewski's clients and he did not respond to that. So it

1  would seem to me that what's good for the goose is good for
2  the gander.
3        THE COURT: No, no, no. What do you mean? I thought
4  there was a specific -- let me tell you, Mr. Stuart. Your
5  firm is coming in a little late.
6        MR. STUART: I'm sorry, yes.
7        THE COURT: I mean you came in. You're second
8  counsel
9        MR. STUART: That is correct, Judge.
10       THE COURT: So one of the reasons I don't fault Mr.
11 Wisniewski too much is because he's been struggling to get
12 information out of your clients for a long time. So putting
13 your clients to the additional burden of coming here today
14 doesn't trouble me too much in light of how much difficulty
15 we've had given to today's point.
16       MR. STUART: We've certainly tried to cooperate.
17 I've returned every one of his calls. I've done everything --
18       THE COURT: I'm not faulting you. I'm not faulting
19 you. I'm trying to make it very clear that it has nothing to
20 do with you.
21       MR. STUART: I appreciate that.
22       THE COURT: Or even your predecessor. But we're
23 having trouble getting to the goal line here in part because
24 it seems like -- well, I'm not sure how much effort your
25 clients are really doing, undertaking.

1  MR. STUART: That is fertile ground for a deposition
2  which --
3  THE COURT: Mr. Wisniewski may not want to take a
4  deposition. Are you going to take a deposition in this case?
5  MR. WISNIEWSKI: Your Honor, I want to avoid it since
6  it's very costly to --
7  THE COURT: Understood. That's why I'm asking you
8  the question. Do you intend to take depositions?
9  MR. WISNIEWSKI: If I feel that there are certain
10 important issues I need to explore, yes.
11 THE COURT: How much more -- I mean we've been at it
12 for a while. I mean how much longer because I have to figure
13 out when to put an end to discovery is what I'm saying.
14 MR. WISNIEWSKI: Sure.
15 THE COURT: To get back to my question, my initial
16 question, I thought that the defendants were required to
17 answer Interrogatory Number 15 and I didn't see in their
18 supplemental answers a response to Interrogatory Number 15.
19 It may have just been an oversight. Do you see what I'm
20 saying? Interrogatory 15 is state whether each defendant
21 issued IRS Forms W-2 or 1099 to plaintiff and other similar
22 situated during each year.
23 MR. STUART: They searched diligently. They did not
24 locate any of those.
25 THE COURT: But the question is there's no answer to

1   the Interrogatory Number 15.
2           MR. STUART: Yes, you're correct, Judge.
3           THE COURT: So that needs to be done. At a minimum
4   that needs to be provided. They have to state one way or the
5   other and I guess -- look, if you want to serve -- otherwise,
6   I mean I think that -- the interrogatories as provided,
7   identify all records, various interrogatories. There's no
8   response to that. I think it's a fair response and I think
9   you can take the supposition from that response that because
10  you asked for -- and I directed I think that they identify
11  them. I think that may have even been my order, right? So
12  the negative implication of the response is that that's all --
13  that's all the records they have. But that didn't prevent you
14  from asking and serving an admission, request for admissions
15  that more specifically pins down the answer, or do it any
16  other way you want to do it. Conduct a deposition.
17          But how much more time do we need? Do you need any
18  more time for discovery? I'm talking about Mr. Stuart.
19          MR. STUART: Yes, Judge. There's information that
20  we've been waiting on, and if we're going to proceed with
21  parsing every response and that's the way that my colleague
22  would like to proceed then perhaps we should proceed that way
23  as well so that we're approaching the case in the same
24  diligent way.
25          THE COURT: Okay.

10

1       MR. STUART: Certainly there are depositions that
2  could be taken. I'm sorry, I didn't mean to cut you off.
3       THE COURT: No, no. Have you served your discovery
4  requests?
5       MR. STUART: Yes.
6       THE COURT: And have you gotten responses?
7       MR. STUART: We've gotten a handful of documents and
8  I guess in proceeding in the way that I think we are
9  proceeding we would be entitled to, if not depose the
10 individuals, serve similar requests with regards to every item
11 and types of documents and all of those things. To be clear
12 as we're readying the case for trial that we're not unfairly
13 surprised.
14      THE COURT: So is there a reason why -- had I set a
15 deadline for discovery in this case?
16      MR. WISNIEWSKI: Your Honor, I do not believe you did
17 but there are several things I wish to bring up.
18      THE COURT: Okay.
19      MR. WISNIEWSKI: Firstly, I would like to discuss
20 Interrogatory Number 8 and Number 18 because what the
21 defendants provided were just general names of projects such
22 as plaintiffs may have worked at the Marble Hill Project. The
23 Marble Hill Project may have been -- may have consisted of
24 ten, fifteen buildings as it is referred to. They do not
25 provide the information such as who the project manager is,

```
                                                              11
 1  who the general contractor is, who the project owner is.  The
 2  reason it's important is these entities have sign-in sheets
 3  and we need this information so that we can --
 4            THE COURT: This is 8 and 18?
 5            MR. WISNIEWSKI: Correct.
 6            THE COURT:  I see.
 7            MR. WISNIEWSKI: They simply identify the project by
 8  a general name and/or some code that is sort of specific to
 9  their operations.  They do not --
10            THE COURT: So where are the addresses, city and
11  state, Mr. Stuart?  There are just numbers here.  Do you see
12  what I'm talking about?  Interrogatory 8 and Interrogatory 18.
13            MR. STUART: Right. These are -- this is -- these
14  were the names of the projects as our client --
15            THE COURT: Right.  But they --
16            MR. STUART: I'm sorry, Judge.
17            THE COURT: That's all right.  They're supposed more
18  than the project names. It's supposed to be street address,
19  city and state of each location.
20            MR. STUART: The company does not have that
21  information and to some extent the project names and so forth
22  were set forth on the certified payrolls, hundreds of pages of
23  which were provided.  So they once again produced all of the
24  records in their possession and now within the memory and
25  recollection of the defendants in connection with -- in excess
```

```
                                                              12
 1   of forty projects.
 2             THE COURT: So --
 3             MR. WISNIEWSKI: Your Honor, two things.
 4             THE COURT: So they would need to get a supplemental
 5   answer to 8 and 18 that -- with an affidavit by Mr. Dutton
 6   that the defendants possess no information, further
 7   information regarding the address, city and state of these
 8   locations?
 9             MR. WISNIEWSKI: Your Honor, I think the standard is
10   under one's -- in one's possession and under one's custody
11   and/or control, and it seems to me that Mr. Dutton or Mr.
12   Dutton or Mr. Lisiewicz can easily get in touch with either
13   the accountant or the general contractor for which they work
14   and get the missing information instead of my having to serve
15   subpoenas on a city agency which will provide me literally
16   thousands of pages of documents through which I will have to
17   sit and then I will have to go through each project owner that
18   I will identify in those records and subpoena that project
19   owner.  That process will take a lot of time. Your Honor --
20             THE COURT: I don't disagree.
21             MR. WISNIEWSKI: I can't believe that someone who has
22   been in the business for twenty years has no record or
23   information concerning 44 projects that this company worked
24   on.  It's an incredible story but what can I say.  I'm bound
25   by what they say.
```

1    THE COURT: They make the answer -- they do make the
2 answer -- they do say that -- the problem is that the answer
3 is not complete in the sense it doesn't say that they don't
4 have the other information.  They just provide only a portion
5 of it.  So I need to -- Mr. Dutton needs to give you an
6 affidavit for Interrogatories 8 and 18 that states that
7 there's no information -- there's no documents or other
8 information within the control of the defendants.
9    You sued only the corporate defendants I take it?
10   MR. WISNIEWSKI: And the individuals.
11   THE COURT: You sued the individuals too?
12   MR. WISNIEWSKI: Correct.  Under the Labor Law --
13   THE COURT: I'm just asking who the defendants are.
14 Who are the individual defendants?
15   MR. WISNIEWSKI: Mr. Dutton and Mr. Richard
16 Lisiewicz, L-I-S-I-E-W-I-C-Z.
17   THE COURT: So let's get each of them -- so Mr.
18 Lisiewicz did not sign off on these, right, only Mr. Dutton
19 did?
20   MR. STUART: That's correct, Judge.
21   THE COURT: I don't know how these were addressed.
22 Why don't we get affidavits from Mr. Dutton and Mr. Lisiewicz
23 that say that aside from -- that in response to
24 Interrogatories 8 and 18 they have no documents or other
25 information within their possession, custody or control which

14

1  permits them to provide any further information requested in
2  response to Interrogatories 8 and 18.
3          MR. STUART: Very good, Judge.
4          THE COURT: All right. Does that solve the problem?
5          MR. WISNIEWSKI: Your Honor, it has.
6          THE COURT: Let's figure out how much more time we're
7  going to devote for discovery. How much more time do you
8  think we need because I probably ought to set some deadlines
9  here.
10         MR. WISNIEWSKI: Your Honor, three things. Firstly,
11 I will have to subpoena the agencies and obtain the documents,
12 whatever they have.
13         THE COURT: The agencies --
14         MR. WISNIEWSKI: New York City Housing Authority or
15 the Housing and Preservation --
16         THE COURT: These are all Housing Authority jobs that
17 are referred to here?
18         MR. WISNIEWSKI: Yes. Housing Authority or HPD.
19 These are related city agencies that both have residential
20 construction projects within the city.
21         THE COURT: Okay.
22         MR. WISNIEWSKI: Generally that takes about a month,
23 a month-and-a-half to obtain some documents. Most of it is
24 contained in the agency's responses. Sometimes I may have to
25 go further, but this is one parameter.

15

1     The second parameter is I understood -- I don't know
2 if the agreement was with the prior counsel or maybe with Mr.
3 Stuart, that after we had an exchange of interrogatories and
4 document requests they wanted to send the matter down for a
5 mediation.  Now, today Mr. Stuart expressed his, how shall I
6 say, disappointment, umbridge that somehow I maligned his
7 reputation which I --
8     THE COURT: No, you didn't.
9     MR. WISNIEWSKI:  -- tell the record, I state I did
10 not and I certainly didn't imply that he didn't answer any
11 questions.  So I don't know if they're still willing to engage
12 in this process because I began making calculations as to the
13 damages each of these individuals may be entitled to.  So --
14     THE COURT: I'm not sure I follow exactly what you're
15 saying.  Are you saying that you want to get further discovery
16 from the city or agencies, whoever they may be, and then sit
17 down and see if you can have a mediation before conducting the
18 depositions?  Is that what your suggestion is?
19     MR. WISNIEWSKI: Your Honor, no.  I will be able to
20 make assumptions based on the information I have.
21     THE COURT: I see.  So you're in a position to engage
22 in mediation now --
23     MR. WISNIEWSKI:  Correct.
24     THE COURT:  -- and you're wondering whether the
25 defendants are interested in pursuing that?

```
 1              MR. WISNIEWSKI: Yes.
 2              THE COURT: Mr. Stuart.
 3              MR. STUART: We've been waiting since February for
 4    the calculations.
 5              THE COURT: So the answer is yes?
 6              MR. STUART: The answer is yes.
 7              THE COURT: Should I just enter an order today
 8    referring the matter to mediation?  You know about the
 9    mediation program for the city?
10              MR. STUART: Yes, Judge.
11              THE COURT: I mean -- for the city.  For the court.
12    We have a panel of mediators.
13              MR. WISNIEWSKI: Yes, yes.
14              THE COURT: So you've done this before.
15              MR. WISNIEWSKI: Yes.
16              THE COURT: So you'll get something.  They'll ask you
17    from the clerk's office, they'll ask you to identify a
18    mediator by a date certain and then we'll schedule -- he or
19    she will schedule a time to mediate.  Great.
20              Anything else we need to do today?  I guess -- let
21    me put this down for a telephone conference in say two months
22    and then we'll -- and hopefully you will have gotten to the
23    mediation process by then.
24                      [Pause in proceedings.]
25              THE COURT: Early July, I guess.  How about Friday,
```

```
 1  July 6th?  That's a couple of days after the holiday.  Are you
 2  guys going to be around?
 3          MR. WISNIEWSKI: Your Honor, I'll be on trial in
 4  Newark Federal Court the week of July the 2nd.
 5          THE COURT: You're sure on Friday?
 6          MR. WISNIEWSKI: I believe it will be between five
 7  and seven days.
 8          THE COURT: So July 13th, another Friday.
 9          MR. WISNIEWSKI: Sounds fine.
10          MR. STUART: Yes, Judge.
11          THE COURT: At 2:15 a telephone conference.  Mr.
12  Wisniewski, I'll ask you to put the call together.
13          MR. WISNIEWSKI: Yes, Your Honor.  I will.
14          THE COURT: I'll enter an order today referring this
15  to mediation as soon as reasonably convenient.
16          MR. WISNIEWSKI: Your Honor, I just want to make sure
17  I understand.  I still can serve the requests and the
18  subpoenas while we are mediating?  I just don't want to -- I
19  want to make sure that --
20          THE COURT: Yes, you can pursue discovery with each
21  other.  You should. I would urge you to perhaps postpone
22  deposition discovery but if you want to by all means pursue
23  the document discovery that you've requested, Mr. Stuart.
24  Find out whatever else you -- if there are disputes about that
25  let me know and I'll try to resolve them.
```

```
                                                              18
 1        MR. STUART: Thank you very much, Your Honor.
 2        MR. WISNIEWSKI: Thank you, Your Honor.
 3                      * * * * *
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                   19
 1       I certify that the foregoing is a court transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4                        [signature]
 5                        _____
 6                                   Shari Riemer
 7   Dated:   September 19, 2007
```