```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
```
DARIUSZ KACMARCZYK, etc.,

                     Plaintiff,                **ORDER**

    - v -

                                       CV-06-1005 (CBA)(VVP)

ACME CONTRACTING, LLC, et al.,

                    Defendants.
```
-------------------------------------------------------------------x
```

      Two filings were recently made in this action, apparently by the defendant Ronald B. Dutton acting *pro se*. One filing is a Consent to be Relieved as Attorney, signed by Dutton for himself and on behalf of the two corporate defendants Acme Contracting LLC and Pillar Contracting Ltd., as well as by their current counsel of record, John Z. Marangos, Esq. The other filing is a Motion for Reconsideration of my Opinion and Order of November 3, 2009 signed by Dutton for himself and for the two corporate defendants.

      As to the Consent to be Relieved as Attorney, that filing is not sufficient to relieve Mr. Marangos of his obligations to the court. Under Rule 1.4 of the Local Civil Rules of this court, "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order." As no such order has been entered, Mr. Marangos remains counsel of record for Dutton and the two corporate defendants, Acme Contracting, LLC and Pillar Contracting Ltd. Should Mr. Marangos wish to be relieved, he must make a motion on notice to opposing counsel. Upon the filing of such a motion, the court will schedule such further proceedings as may be required.

As to the Motion for Reconsideration, that motion is ineffective insofar as it purports to be filed on behalf of the corporate defendants. The moving papers are signed only by Dutton, who is a layman and not an attorney admitted to practice in this court. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)(citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *accord, e.g., United States ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92 (2nd Cir. 2008) ("It is well established that a layman may not represent a corporation even if the sole shareholder."). The court therefore does not consider the motion for reconsideration with respect to the corporate defendants.

To the extent Dutton is making the motion for reconsideration solely for himself, although it is not clear to the court that an individual may represent himself *pro se* while his attorney remains counsel of record, the court will consider the motion. Motions for reconsideration, which are governed in general by Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York, *see, e.g., Zinnamon v. Bank of New York*, Dkt. No. 06-CV-1805, 2006 WL 1652662, at *1 (E.D.N.Y. June 8, 2006), usually are granted only when the moving party offers controlling decisions or facts that the court had originally overlooked and that might reasonably be expected to alter the court's original decision. *See Shrader v. CSX Transp ., Inc.*, 70 F.3d 255, 257 (2nd Cir.1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990). "A movant may not, however, 'advance new facts, issues or arguments not previously presented to the Court,' or 'reargue those issues already considered.'" *Hayles v. Advanced Travel Management Corp.*, No. 01 Civ. 10017 (BSJ), 2004 WL

117597 at *1 (S.D.N.Y. Jan. 26, 2004) (quoting *Gjoni v. Home Depot Inc.,* 99 Civ. 1849, 2002 WL 91623, *1 (S.D.N.Y. Jan. 23, 2002)). Courts have adopted this strict standard to prevent litigants from making repetitive arguments on issues that already have been considered by the court or from offering new arguments on a motion the court has already decided. *Id.* These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters. *Zoll v. Jordache Enterprises Inc.*, No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003), *quoting Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

The defendant Dutton's motion papers cite no controlling decisions or facts that the court originally overlooked when deciding the motion to enforce the settlement. Accordingly, the motion for reconsideration must be DENIED.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
November 24, 2009